**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA-09-10136 |
| | ) | |
| Plaintiff-Appellee, | ) | 2:07-CR-170-JCM-LRL |
| vs. | ) | |
| | ) | |
| CHEN CHAING LIU, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **ORDER** |
| | ) | |

Presently before the court is defendant Chen Chiang Liu's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #197).

On March 5, 2009, defendant Liu was sentenced to 151 months in custody for conspiracy under 18 U.S.C. § 371 and fraudulently passing and keeping counterfeit currency of the United States under 18 U.S.C. §472. (Doc. #162 and #163). On March 5, 2009, defendant filed a notice of appeal (doc. # 164), arguing that his trial was not timely held, in violation of the Speedy Trial Act, 18 U.S.C. § 3161 (hereinafter "STA"), and that the district court plainly erred when it failed to give multiple conspiracy jury instructions and a specific unanimity jury instruction. (Doc. #193).

The Ninth Circuit Court of Appeals affirmed this court's ruling, holding that Liu's rights under the STA were not violated, because his clock "restarted on April 2, 2008," and that the court did not err when it failed to give multiple conspiracy instructions, "because there was no potential for spillover guilt in this case," as Lui was the sole defendant. (Doc. #73). Additionally, the appellate court held that the district court gave a general unanimity jury instruction, directed the jury that it must agree in the particular crime which the conspirators agreed to commit, and that any failure to specifically instruct the jury that it must unanimously agree as to which overt act was committed in furtherance of the conspiracy "does not warrant reversal of Lui's conviction." *Id.*

. . .

**Motion To Vacate**

In the present motion to vacate under § 2255 (doc. #197), defendant Lui asserts seven grounds for relief relating to both trial and appellate counsel's ineffectiveness. Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review.  Further, section (4)(b) states that the court should dismiss a 2255 motion if the "motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(4)(b). However, "if the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time." *Id.*

    **A.**    **Ground One- Failure to Bring Issue on Appeal**

In the motion (doc. #197), defendant asserts that his appellate attorney was ineffective because he failed to raise issues on appeal that he sought appellate review of, including the trial attorney's; (1) failure to challenge the tape spoken of in the pre-sentencing investigation, (2) failure to object to controverted issues in pre-sentencing investigation, and (3) failure to call "PAO" as a witness. Defendant contends that these issues were not appealed on direct appeal because he "relied on his counsel to raise the issue(s)," but "counsel was ineffective" and failed to. (Doc. #197).

In defendant's first ground to vacate, he is asserting one of the most common cognizable claims under section 2255, ineffective assistance of counsel, and it does not appear that dismissal is proper based on the motion. *See Baumann v. United States,* 692 F.2d 565, 581 (9th Cir. 1982); 28 U.S.C. § 2255(4)(b). Therefore, the court is inclined to order the United States attorney to file a response to defendant's first claim.

    **B.**    **Ground Two- Failure to Challenge Sufficiency of the Evidence**

Defendant appears to be asserting that both trial counsel and appellate counsel were ineffective because both "attorneys failed to bring [the] exculpatory fact[s] on appeal and at trial," that he received cash from the cash cage, that it was not his own money, and that the video shown was edited "so that the jury did not get to see that [he] refused to accept the cash." (Doc. #197). Further,

he contends that "counsel failed to obtain a transcript of Lui's conversations, being in a foreign language," and that had he done so, the insufficiency of the evidence would have been clear. *Id.* Finally, he argues that trial counsel failed to depose and investigate exculpatory witnesses." *Id.* Defendant concedes that he did not argue his issues with trial counsel on appeal, but asserts that it was due to the "ineffective assistance of [appellate] counsel." (Doc. #197)

A prisoner cannot raise claims in a section 2255 motion if he or she could have, but did not raise those claims on direct appeal. *United States v. Ware,* 416 F.3d 1118, 1121 (9th Cir. 2005). However, the failure of appellate counsel to bring claims of ineffective assistance of counsel on direct appeal does not bar the defendant from doing so now, as the claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised them on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

Therefore, the court is not inclined to dismiss the claim, and the United States attorney is ordered to file an answer and/or motion in response to the defendant's second claim. *See Baumann,* 692 F.2d 565, 581; 28 U.S.C. § 2255(4)(b).

**C.     Ground Three- Trial Counsel's Failure To Abide By Stipulation**

In defendant's third claim, he contends that his trial counsel entered into a "stipulation with the government to not bring up the issue of defendant and Mr. Lan flying to Miami in February 2005." (Doc. #197). However, he claims that trial counsel was ineffective when he "introduced [such] evidence/testimony that was harmful to defendant." *Id.* He asserts that trial counsel violated his Fifth Amendment and general right to due process. *Id.* Once again, he did not bring the issue on direct appeal because appellate "counsel failed to bring it [up]," and that "[i]t was obvious that he should have included this issue." *Id.*

As with the second claim, this claim is not barred due to appellate counsel's failure to raise it on direct appeal, and the court is not inclined to dismiss the third claim. *See Massaro*, 538 U.S. 500, 504; *Baumann,* 692 F.2d 565, 581; 28 U.S.C. § 2255(4)(b). The United States attorney is ordered to file an answer and/or motion in response to the defendant's third claim.

**D.     Ground Four- Failure to Interview and Present Exculpatory Witnesses**

Defendant asserts that his trial counsel was ineffective because he failed to interview and

present witnesses that were ready to testify and support Mr. Liu's "legitimate business claims." (Doc. #197). As with the previous two claims, appellate counsel's failure to raise the issue on appeal does not prevent the claim from being brought under § 2255. *See Massaro*, 538 U.S. 500, 504.

Therefore, the court is not inclined to dismiss the claim and the United States attorney is to file an answer and/or motion in response to the defendant's fourth claim. *See Baumann,* 692 F.2d 565, 581; 28 U.S.C. § 2255(4)(b).

### E.  Ground Five- Trial Counsel's Actions At Trial

In his fifth claim for ineffective assistance of counsel, defendant contends that his trial counsel did "not have the requisite knowledge and practice for introducing evidence at trial." (Doc. #197). To support this assertion, he provides the court with excerpts from the trial transcripts purporting to demonstrate that counsel unsuccessfully tried to publish an un-admitted document to the jury, and attempted to have a witness testify regarding a document that he had no personal knowledge of. *Id.*

Defendant appears to be arguing that this issue was also not brought up on direct appeal due to appellate counsel's ineffectiveness.[1] As with the previous claims, the failure to raise ineffective assistance of counsel claims on direct appeal does not bar the collateral review of them, and dismissal is not warranted on this ground. *See Massaro*, 538 U.S. 500, 504; *Baumann,* 692 F.2d 565, 581; 28 U.S.C. § 2255(4)(b). However, the defendant has not demonstrated to the court "in the motion and files and records of the case" how these allegations amount to ineffective assistance of counsel. 28 U.S.C. § 2255(4)(b). Therefore, claim five is dismissed. *Id.*

### F.  Ground Six- Denial Of His Right to Full Recordings and Transcripts of Evidence

Defendant contends that during trial, telephone recording and video clips were played that did not adequately depict the situation. (Doc. #197). He argues that the telephone recordings played were edited and that no transcripts were provided, rendering the recordings "useless." Further, it is his position that if trial counsel had reviewed the recordings prior to trial, he should "have objected to the editing and lack of transcription." *Id.* Defendant asserts that this amounted to ineffective assistance because the full recordings would "exculpate him." *Id.*

---

[1] On page 11 of his motion to vacate (doc. #197), defendant stated that "all grounds were not previously presented due to ineffectiveness of counsel."

1          Once again, this issue was not raised on direct appeal. Since the claim may be brought under
2  § 2255 regardless of this, the court is not inclined to dismiss the claim, and the United States attorney
3  is ordered to respond accordingly. *See Massaro*, 538 U.S. 500, 504; *Baumann,* 692 F.2d 565, 581;
4  28 U.S.C. § 2255(4)(b).

5          Additionally, defendant supports this claim by alleging that the video recording showing the
6  passing of "supernotes" was somehow "manipulated by the prosecutor, and if not for the "lack of
7  effective assistance of counsel," the jury verdict would have been different. *Id.* However, with respect
8  to this allegation, defendant does not provide the court with any facts supporting his claim that the
9  trial counsel was ineffective with regards to the video recordings. Therefore, any claim with regards
10 to the video recordings is dismissed. 28 U.S.C. § 2255(4)(b).

11         **G.     Ground Seven- Failure to Adequately Prepare Him For The Witness Stand**

12         In his final ineffective assistance claim, defendant asserts that he was told by his trial counsel
13 that he was not going to put him on the stand, but that at the end of the trial, he was called as a
14 witness without any prior notification or preparation. (Doc. #197). This claim was not raised on direct
15 appeal. As with the previously discussed ineffective assistance of counsel claims, the court is not
16 inclined to dismiss the claim. *See Massaro*, 538 U.S. 500, 504; *Baumann,* 692 F.2d 565, 581; 28
17 U.S.C. § 2255(4)(b). The United States attorney is to prepare an appropriate response to the
18 defendant's seventh claim.

19         Accordingly,

20         IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the government file an
21 answer, motion, or other response to defendant Chen Chiang Liu's motion to vacate pursuant to 28
22 U.S.C. § 2255 (doc. #197), excluding defendant's fifth claim and sixth claim as it relates to the video
23 recordings, within thirty (30) days from the date of this order.

24 . . .
25 . . .
26 . . .
27 . . .
28 . . .

IT IS FURTHER ORDERED that defendant's fifth claim and sixth claim as it relates to the video recordings be, and the same hereby are, DISMISSED.

DATED this 13th day of June, 2011.

/s/ James C. Mahan
United States District Judge