# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA-09-10136 |
| | ) | |
| Plaintiff-Appellee, | ) | 2:07-CR-170-JCM-LRL |
| vs. | ) | |
| | ) | |
| CHEN CHAING LIU, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **ORDER** |
| | ) | |

Presently before the court is defendant Chen Chiang Liu's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #197). After reviewing the defendant's motion, the court dismissed defendant's fifth and sixth claims, and ordered the government to file a response. On July 8, 2011, the government filed a response to the remaining claims. (Doc. #201). Defendant replied to the response on July 21, 2011 (doc. #202).

On March 5, 2009, defendant Liu was sentenced to 151 months in custody for conspiracy under 18 U.S.C. § 371 and fraudulently passing and keeping counterfeit currency of the United States under 18 U.S.C. §472. (Doc. #162 and #163). On March 5, 2009, defendant filed a notice of appeal (doc. # 164), arguing that his trial was not timely held, in violation of the Speedy Trial Act, 18 U.S.C. § 3161 (hereinafter "STA"), and that the district court plainly erred when it failed to give multiple conspiracy jury instructions and a specific unanimity jury instruction. (Doc. #193).

The Ninth Circuit Court of Appeals affirmed this court's ruling. Subsequently, the defendant filed the present *pro se* motion to vacate. (Doc. #197).

**Motion To Vacate**

Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file a motion under this section if he seeks a determination that (1) the judgment violates the Constitution or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3)

the sentence exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to collateral review.

In the present motion to vacate under § 2255 (doc. #197), defendant Liu asserts several grounds for relief relating to both trial and appellate counsel's ineffectiveness. To establish ineffective assistance of counsel, a defendant must demonstrate that the counsel's conduct was not "within the range of competence demanded of attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984).

In the government's response (doc. #201), it provides the court with a summary of the facts surrounding the case, and asserts that each of defendant's remaining claims should be dismissed. Specifically, the government argues that the ineffective assistance of counsel claims, regarding both trial and appellate counsel, fail because defendant "does not show that his attorneys' conduct was deficient or that he suffered prejudice as a result of any alleged deficiency." In rebuttal, defendant argues that he was unable to make adequate legal arguments in his motion (doc. #197), because the *pro se* instruction page instructed him not to cite law. While this is true, the instruction page also states that "[i]f you want to submit a brief or arguments, you must submit them in a separate memorandum." (Doc. #202 Motion Under 28 U.S.C. § 2255 Instruction Page). Therefore, nothing prevented defendant from adequately citing law and explaining his arguments.

### A. Ground One- Failure to Bring Issue on Appeal

In the motion (doc. #197), defendant asserts that his appellate attorney was ineffective because he failed to raise issues on appeal that he sought appellate review of, including the trial attorney's; (1) failure to challenge the tape spoken of in the pre-sentencing investigation, (2) failure to object to controverted issues in pre-sentencing investigation, and (3) failure to call "PAO" as a witness. Defendant contends that these issues were not appealed on direct appeal because he "relied on his counsel to raise the issue(s)," but "counsel was ineffective" and failed to. (Doc. #197).

"[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson,* 261 F.3d 832, 840 (9th Cir. 2001); *Jones v. Smith,* 231 F.3d 1227, 1239 n.8 (9th Cir. 2000)(same); *Boag v.*

1  *Raines,* 769 F.2d 1341, 1344 (9th Cir. 1985) (failing to raise meritless argument on appeal does not
2  constitute ineffective assistance of counsel.). "A hallmark of effective appellate counsel is the ability
3  to weed out claims that have no likelihood of success..." *Pollard v. White,* 119 F.3d 1430, 1235 (9th
4  Cir. 1997).

5        First, appellate counsel's failure to bring an ineffective assistance of trial counsel claim on
6  appeal does not constitute an ineffective appellate counsel claim. *United States v. Ross,* 206 F.3d 896,
7  900 (9th Cir. 2000) (claims for ineffective assistance of counsel are generally inappropriate on direct
8  appeal.). Claims for ineffective assistance of counsel are reviewed on appeal only when (1) "the
9  record on appeal is sufficiently developed to permit review and determination of the issue," and (2)
10 "the legal representation is so inadequate that it obviously denies a defendant Sixth Amendment right
11 to counsel." *Id.*

12       Here, the court of appeals would not likely have reviewed an ineffective assistance of counsel
13 claim. The record evidences no blatant inadequate representation by trial counsel, and in fact, is full
14 of testimony and recordings evidencing defendant's participation in the conspiracy.

15       Second, with regards to the pre-sentencing investigation report and the tape mentioned
16 therein, when asked if he had any objections to the report during sentencing, defendant initially stated
17 that he "disagree[d] with the contents of the report." However, when asked again, he said he did not
18 find any factual errors in the report. (*See* 3/5/09 Sentencing Transcript at 4-5). The court will address
19 the alleged failure to bring witnesses in section D below.

20       As appealing these issues would "not have provided grounds for reversal, defendant's first
21 claim for ineffective assistance of appellate counsel must be dismissed. *Wildman,* 261 F.3d 832, 840;
22 *Jones,* 231 F.3d 1227, 1239 n.8; *Boag,* 769 F.2d 1341, 1344.

23     **B.**    **Ground Two- Failure to Challenge Sufficiency of the Evidence**

24       Defendant appears to be asserting that both trial counsel and appellate counsel were
25 ineffective because both "attorneys failed to bring [the] exculpatory fact[s] on appeal and at trial,"
26 that he received cash from the cash cage, that it was not his own money, and that the video shown was
27 edited "so that the jury did not get to see that [he] refused to accept the cash." (Doc. #197). Further,
28 he contends that "counsel failed to obtain a transcript of Liu's conversations, being in a foreign

language," and that had he done so, the insufficiency of the evidence would have been clear. *Id.* Finally, he argues that trial counsel failed to depose and investigate exculpatory witnesses." *Id.*

The court will discuss the allegations relating to investigating and calling witnesses in section D below. With regards to the transcript, as the government argues, the jury was provided with a complete transcript of the tape, "with the foreign-language portions of the conversation translated by an official court certified translator." (9/9/08 Transcript of Trial at 52-55).

Additionally, the meeting mentioned by defendant where he refused to accept the cash, was not videotaped, but was recorded for audio purposes. (*See Id.* at 124-131). The government's witness, however, did describe that the defendant did not take the cash on direct examination, and defense counsel even emphasized this point on cross-examination. (9/9/09 Trial Transcript at 130; 9/10/08 Trial Transcript at 33, 38-39).

Therefore, defendant's bare assertions that trial counsel failed to object to the tapes, failed to have translated transcripts, and failed to ensure that the jury knew he did not accept the cash, do not support a claim for ineffective assistance of counsel. *United States v. McMullen,* 98 F.3d 1155, 1158 (9th Cir. 1996) (a defendant's bare assertion that his attorney failed to raise [an] issue is not enough" because "[t]here would be no point in raising an issue *** unless there were some proof to offer in his favor," and the "defendant offers nothing."). Thus, the claim is dismissed.

    **C.**    **Ground Three- Trial Counsel's Failure To Abide By Stipulation**

In defendant's third claim, he contends that his trial counsel entered into a "stipulation with the government to not bring up the issue of defendant and Mr. Lan flying to Miami in February 2005." (Doc. #197). However, he claims that trial counsel was ineffective when he "introduced [such] evidence/testimony that was harmful to defendant." *Id.*

In the government's response, it asserts that the parties "did not enter into a formal stipulation." Rather the prosecutor simply informed defense counsel that he did not intend to present evidence of the trip to Miami in his direct examination of government witness Patrick Schwenke." The prosecutor agreed that he would only do so if defense counsel opened the door in his cross-examination. During the cross-examination of Mr. Schwenke, defense counsel chose to ask about the trip. This was presumably in an attempt to challenge the witness about numerous alleged

discrepancies in his statements to law enforcement about where and when he met defendant and his co-conspirators. (9/11/08 Transcript of Trial at 40-90).

This attempt to impeach was a tactical decision that cannot be the basis for an ineffective assistance of counsel claim. *Gustave v. United States,* 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation."). Therefore, defendant's third claim is dismissed.

### D.   Ground Four- Failure to Interview and Present Exculpatory Witnesses

In his fourth claim, defendant asserts that his trial counsel was ineffective because he failed to interview and present witnesses that were ready to testify and support Mr. Liu's "legitimate business claims." (Doc. #197). However, defendant does not make a showing to the court that the witnesses were available to testify or even what they would purportedly testify about. The counsel's decision not to present them as witnesses, yet again, was a tactical one.

As the government points out, Yeung and Lan, the parties defendant asserts would have supported his "legitimate business claims," both pleaded guilty to conspiring with the defendant. Therefore, not calling these co-conspirators was a sound tactical decision, and not grounds for an ineffective assistance claim. *Strickland,* 466 U.S. at 689 (acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.). Dismissal of this claim is warranted.

### E.   Ground Seven- Failure to Adequately Prepare Him For The Witness Stand

In his final ineffective assistance claim, defendant asserts that he was told by his trial counsel that he was not going to put him on the stand, but that at the end of the trial, he was called as a witness without any prior notification or preparation. (Doc. #197). In his reply to the government's response (doc. #202), defendant further argues that during the examination, he "was confus[ed] between legitimate business and counterfeiting questions." However, defendant does not demonstrate to the court how, absent his testimony, the verdict would have been different.

The government had eyewitnesses testifying as to his involvement, video and audio recordings of him participating in the conspiracy, and an undercover agent who placed him in the middle of the conspiracy. Defendant has not shown how his testimony, had he been prepared for it, would have

1 overcome the evidence against him and rendered a different verdict. *See Strickland,* 46 U.S. at 692,
2 694 (to establish ineffective assistance of counsel, a defendant must demonstrate, inter, alia, that there
3 is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
4 would have been different.").

5       Therefore, defendant's seventh claim is dismissed.

6       Accordingly,

7       IT IS THEREFORE ORDERED ADJUDGED AND DECREED that defendant Chen Chiang
8 Liu's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #197) be, and the same hereby is,
9 DENIED.

10       DATED this 1st day of August, 2011.

12                                    UNITED STATES DISTRICT JUDGE