# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CA-09-10136 |
| ) | |
| Plaintiff-Appellee, ) | 2:07-CR-170-JCM-LRL |
| vs. ) | |
| ) | |
| CHEN CHAING LIU, ) | |
| ) | |
| Defendant-Appellant. ) | **ORDER** |

Presently before the court is defendant Chen Chiang Liu's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. #197). After reviewing the defendant's motion to vacate, the court summarily dismissed the fifth claim in its entirety and the sixth claim "with regards to the video recordings." (Doc. #200). The court ordered the government to respond to the defendant's remaining claims. (Doc. #200). Specifically, for the purposes of this order, the court ordered the government to respond to the defendant's sixth claim as to the defendant's allegations regarding telephone recordings. (Doc. #200). As ordered, the government responded to all of the claims, including the defendant's sixth claim about telephone recordings. (Doc. #201). The defendant then filed a reply to the government's response. (Doc. #202). On August 1, 2011, the court issued an order dismissing all of the defendant's remaining claims and denying the defendant's motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. #203).

. . .

. . .

1  In its August 1, 2011 order, the court erroneously stated that it had dismissed the defendant's
2 sixth claim. (Doc. #203). As noted above, the court previously had only dismissed the defendant's
3 sixth claim regarding the video recordings; the defendant's claims regarding telephone recordings
4 were still pending when the court issued its order. (*See* Docs. #200 and #203). Therefore, when the
5 court dismissed the remainder of the defendant's claims, it did not address the remaining issues in the
6 defendant's sixth claim. (*See* Doc. #203).

7  The defendant's sixth claim has already been briefed fully. (S*ee* Docs. #197, #201, and #202).
8 Thus, pursuant to 28 U.S.C. § 2255(b), the court now dismisses the defendant's sixth claim, finding
9 that the "motion and the files and records of the case conclusively show that the prisoner is entitled
10 to no relief." *See* 28 U.S.C. § 2255(b).

11 **Motion to Vacate**

12  Pursuant to 28 U.S.C. § 2255, a person in custody under a judgment by a district court may file
13 a motion under this section if he seeks a determination that (1) the judgment violates the Constitution
14 or laws of the United States, (2) the court lacked jurisdiction to enter the judgment, (3) the sentence
15 exceeded the maximum allowed by law, or (4) the judgment or sentence is otherwise subject to
16 collateral review. Further, § 2255(b) requires a court to "make findings of fact and conclusions of law
17 with respect" to the defendant's claims "[u]nless the motion and the files and records of the case
18 conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b); *see also United*
19 *States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

20  In the sixth claim of the defendant's motion to vacate under § 2255 (doc. #197), defendant Liu
21 asserts that his trial counsel was ineffective. To establish ineffective assistance of counsel, a defendant
22 must demonstrate that the counsel's conduct was not "within the range of competence demanded of
23 attorneys in criminal cases," and that there is a "reasonable probability that, but for counsel's
24 unprofessional errors, the result of the proceeding would have been different." *Strickland v.*
25 *Washington,* 466 U.S. 668, 687, 694 (1984).

26 **Ground Six: Telephone Recordings**

27  The defendant contends that during trial, telephone recordings were played that did not
28 adequately depict the situation. (Doc. #197). He argues that the telephone recordings played were

edited and that no transcripts were provided, rendering the recordings "useless." Further, it is his position that if trial counsel had reviewed the recordings prior to trial, he should "have objected to the editing and lack of transcription." (Doc. #197). The defendant asserts that this amounted to ineffective assistance because the full recordings would "exculpate him." (Doc. #197).

The defendant has not provided any evidentiary support for these claims. (*See* Docs. #197 and #202). The defendant correctly states that transcripts were not provided for these specific recordings. (9/9/08 Transcript of the Trial at 11). However, the recorded conversations in question were in English. Other than a conclusory assertion that transcripts of the recordings would have "exculpate[d]" him, the defendant has not indicated how a lack of transcripts prejudiced his case. (*See* Doc. #197). Similarly, the defendant broadly asserts that the recordings were "edited" to exclude "exculpatory statements." (Doc. #197). While the government did play selected "excerpts" of the recordings (*see* 9/9/08 transcript of the trial at 14), the defendant has not shown that the unplayed portions of the recordings contain any exculpatory statements. (*See* Doc. #197).

Without concrete evidence of the purported exculpatory statements, the defendant's unsubstantiated assertion of prejudice is not enough to vacate the verdict. Finally, the defendant does not show that his trial attorney did not have access to the recordings in question prior to the trial. Indeed, at trial, the court asked both the government and the defense attorney if "the defendants [have] seen [the relevant recordings]." (9/9/08 Transcript of the Trial at 10). The court further asked the defendant if he had any objections to the recordings. (9/9/08 Transcript of the Trial at 10). During this exchange, the defendant's attorney displayed a familiarity with the proposed exhibits. (*See* 9/9/08 Transcript of the Trial at 10).

Thus, the defendant has failed to satisfy the second *Strickland* prong. He has not alleged any fact that, if true, would demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see also United States v. McMullen*, 98 F.3d 1155, 1158 (9th Cir. 1996) (endorsing the government's argument that a defendant's "bare assertion that his attorney failed to raise the issue is not enough. There would be no point in raising the issue, and hence no ineffective assistance of counsel, unless there were some proof to offer in his favor," and the "defendant offers nothing . . . .").

1  Therefore, all pending issues under the defendant's sixth claim are dismissed.

2  Accordingly,

3  IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the defendant Chen Chiang Liu's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 (doc. #197) be, and the same hereby is, DENIED.

6  DATED this 24th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE