# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA-09-10136 |
| Plaintiff-Appellee, | ) ) | 2:07-CR-00170-JCM-LRL |
| v. | ) ) | |
| CHEN CHIANG LIU, | ) ) | **ORDER** |
| Defendant-Appellant. | ) ) ) | |

Presently before the court is petitioner Chen Chiang Liu's *pro se* motion for certificate of appealability. (Doc. #204). The court denied petitioner's 28 U.S.C. § 2255 motion to vacate in two separate orders. (Docs. #203 and #205).

Pursuant to 28 U.S.C. § 2253(c)(1)(B), an appeal of a final order in a proceeding under § 2255 may not proceed unless the court issues a certificate of appealability. A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To meet this burden, the petitioner is not required to show that "he should prevail on the merits. He has already failed in that endeavor." *Lambright v. Stewart,* 220 F.3d 1022, 1025 (9th Cir. 2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Finally, the certificate of appealability must indicate which specific issue or issues satisfy the showing required by § 2253(c)(2). *See* 28 U.S.C. § 2253(c)(3).

In the present case, the petitioner seeks a certificate of appealability for seven issues: (1)

appellate counsel's failure to assert specific issues, (2) trial and appellate counsels' failure to challenge sufficiency of the evidence, (3) trial counsel's failure to abide by stipulation, (4) trial counsel's failure to interview and present exculpatory witnesses, (5) trial counsel's actions at trial, (6) denial of petitioner's right to full recordings and transcripts of evidence, and (7) trial counsel's failure to adequately prepare the petitioner for the witness stand. (Doc. #204).

The court finds that petitioner has not made the "substantial showing" required by § 2253(c)(2).

**A.     Ground One: Appellate Counsel's Failure to Assert Issue**

In the motion, petitioner asserts that his appellate attorney was ineffective because he failed to raise issues on appeal, including the trial attorney's failure to object to recordings mentioned in the pre-sentence investigation report. (Doc. #204).

As the court noted in its denial of petitioner's motion to vacate, petitioner stated that he did not find any factual errors in the pre-sentence report during sentencing. (*See* Doc. #203; 3/4/09 Sentencing Transcript at 4-5). Additionally, in its denial of petitioner's motion to vacate, the court stated that "[t]he record evidences no blatant inadequate representation by trial counsel, and in fact, is full of testimony and recordings evidencing defendant's participation in the conspiracy." (Doc. #203).

Petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2). Thus, the court declines to issue a certificate of appealability as to this issue.

**B.     Ground Two: Trial and Appellate Counsel's Failure to Challenge Sufficiency of the Evidence**

Petitioner appears to be asserting that both trial counsel and appellate counsel were ineffective because they failed to show that he received cash from the cash cage, that it was not his own money, and that the video shown was edited "so that the jury did not get to see that [he] refused to accept the cash." (Doc. #204). Further, he contends that "counsel failed to obtain a transcript of Liu's conversations, being in a foreign language" and that had he done so, the insufficiency of the evidence would have been clear. *Id.* Finally, he argues that trial counsel failed to depose and investigate exculpatory witnesses." *Id.*

1    The jury was provided with a complete transcript of the tape, "with the foreign-language
2 portions of the conversation translated by an official court certified translator." (9/9/08
3 Transcript of Trial at 52-55).
4    Additionally, the meeting in which petitioner refused to accept the cash was not
5 videotaped, but was recorded for audio purposes. (*See id.* at 124-31). The government's
6 witness, however, did describe on direct examination that petitioner did not take the cash, and
7 defense counsel even emphasized this point on cross-examination. (9/9/09 Trial Transcript at
8 130; 9/10/08 Trial Transcript at 33, 38-39). Thus, petitioner's allegations simply do not reflect
9 the record in this case.
10    Therefore, petitioner's bare assertions that trial counsel failed to object to the tapes, failed
11 to have the transcripts translated, and failed to ensure that the jury knew he did not accept the
12 cash do not support a claim for ineffective assistance of counsel. *United States v. McMullen,* 98
13 F.3d 1155, 1158 (9th Cir. 1996) (endorsing the government's argument that a defendant's "bare
14 assertion that his attorney failed to raise the issue is not enough. There would be no point in
15 raising the issue, and hence no ineffective assistance of counsel, unless there were some proof to
16 offer in his favor," and the "defendant offers nothing . . . .").
17    Assuming, *arguendo*, that petitioner's factual allegations are true, petitioner still has
18 made no showing that these alleged deficiencies actually prejudiced his case. While the court
19 does not ask the petitioner to prove a counterfactual, the court does require more than bare,
20 unsubstantiated assertions of prejudice. In this case, petitioner has not described the contents of
21 the supposedly mitigating evidence supplied in the foreign language portion of the conversations.
22 Similarly, petitioner has not shown how the outcome of the trial would have been different had
23 the audio recording included a reference to him refusing to accept the money; this lack of
24 showing is particularly striking because both the government's witness and defense counsel
25 emphasized this exact fact during the trial.
26    Thus, petitioner has not made the requisite showing under 28 U.S.C. § 2253(c)(2). The
27 court declines to issue a certificate of appealability as to this issue.
28 / / /

**C.     Ground Three: Trial Counsel's Failure to Abide By Stipulation**

Petitioner also contends that his trial counsel "entered into an agreement to not bring up at trial the facts surrounding a trip that Liu and Mr. Lan flew to Miami in February 2005." (Doc. #204). Petitioner asserts that his trial counsel nevertheless examined a witness on this issue, and that this examination prejudiced the petitioner's case. (*Id.*)

In its denial of petitioner's motion to vacate, the court held that "[t]his attempt to impeach was a tactical decision that cannot be the basis for an ineffective assistance of counsel claim. *Gustave v. United States,* 627 F.2d 901, 904 (9th Cir. 1980) ("Mere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation.")."

The petitioner has not demonstrated that "jurists of reason could disagree with the district court's resolution of his constitutional claim[] . . . ." *Miller-El v. Cockrell*, 537 U.S. at 327. Additionally, petitioner's unsubstantiated assertion of prejudice is not sufficiently compelling such that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id.* Therefore, the court declines to issue a certificate of appealability as to this issue.

**D.     Ground Four: Failure to Interview and Present Exculpatory Witnesses**

Petitioner asserts that his trial counsel was ineffective because he failed to interview and present witnesses that were ready to testify and support Mr. Liu's "legitimate business claims." (Doc. #204). However, petitioner did not show that the witnesses were available to testify. The counsel's decision not to present them as witnesses, yet again, was a tactical one.

As the government pointed out in its opposition to petitioner's § 2255 motion to vacate, Yeung and Lan, two of the parties defendant asserts would have supported his "legitimate business claims," pleaded guilty to conspiring with the defendant. (Doc. #201). Therefore, not calling these co-conspirators was a sound tactical decision, and not grounds for an ineffective assistance claim. *Strickland,* 466 U.S. at 689 (holding that acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel)*.*

Again, petitioner has not made the requisite showing under 28 U.S.C. § 2253(c)(2). Therefore, the court declines to issue a certificate of appealability as to this issue.

**E.    Ground Five: Trial Counsel's Actions at Trial**

Petitioner argues that his trial counsel was unaware of proper courtroom procedure. (Doc. #204). Therefore, petitioner asserts, trial counsel "left an impression on the jury that he was ineffective." (Doc. #204).

In its order requiring the government to respond to claims 1-4 and 7 of petitioner's motion to vacate, the court dismissed petitioner's fifth claim. (Doc. #200). Pursuant to 28 U.S.C. § 2255(b), the court held that "the defendant has not demonstrated . . . 'in the motion and files and records of the case' how these allegations amount to ineffective assistance of counsel." (Doc. #200). Except for a conclusory one-sentence addition at the end of petitioner's motion for certificate of appealability, petitioner has not provided the court with any additional information or argumentation on how these allegations constitute ineffective assistance of counsel. (*See* Doc. #204).

Based on the information provided in the motion, petitioner has not made the requisite showing under 28 U.S.C. § 2253(c)(2). The court declines to issue a certificate of appealability as to this issue.

**F.    Ground Six: Trial Counsel Failed to Obtain Full Recordings and Transcripts of Recorded Evidence Played During Trial**

Petitioner next asserts that his trial counsel did not introduce transcripts of recorded conversations played during trial. (Doc. #204).  Further, the government played allegedly edited portions of these conversations, and the excluded portions included exculpatory statements. (Doc. #204). Petitioner also argues that the prosecution manipulated video recordings, and trial counsel's failure to address this issue constituted ineffective assistance of counsel. (Doc. #204).

The court denied the part of this claim that pertains to the video recordings in its order for the government to respond to petitioner's other claims. (Doc. #200). The court stated that "defendant does not provide the court with any facts supporting his claim that trial counsel was ineffective with regards to the video recordings." (Doc. #200).  The court later denied the remainder of petitioner's sixth ground, stating that "defendant's unsubstantiated assertion of prejudice [with regards to the telephone recordings] is not enough to vacate the verdict." (Doc.

#205).

In his present motion, petitioner has not made any factual showing of prejudice. Instead, petitioner brings the same "bare assertion[s]" as in his motion to vacate. *See United States v. McMullen,* 98 F.3d at 1158. These unsubstantiated allegations simply do not meet the showing required by 28 U.S.C. § 2253(c)(2). The court declines to issue a certificate of appealability as to this issue.

**G.   Ground Seven: Failure to Prepare Petitioner for Witness Stand**

Finally, petitioner argues that trial counsel's assistance was ineffective because petitioner was not adequately prepared to testify. (Doc. #204). Specifically, petitioner states that petitioner's trial counsel had informed the petitioner that he would not testify during the trial. However, at the end of the trial, without notice to the petitioner, trial counsel called petitioner. Petitioner argues that, because of his lack of notice, he appeared ignorant in front of the jury. (Doc. #204).

Other than this conclusory statement, petitioner does not provide the court with any argument about how his testimony would have made a materially different impact on the jury had he been more prepared. As the court noted in its August 1, 2011, order denying petitioner's motion to vacate, there was ample eyewitness testimony, audio and video evidence, and undercover agent testimony placing petitioner in the middle of the conspiracy. (Doc. #203). Petitioner has not demonstrated how his testimony, had he been prepared, would have overcome the evidence against him and rendered a different verdict. *See Strickland*, 46 U.S. at 692, 694. Again, petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2). Therefore, the court declines to issue a certificate of appealability as to this issue.

**Conclusion**

Petitioner's motion for certificate of appealability is simply a litany of unsubstantiated allegations of ineffective assistance of counsel, both trial and appellate. While petitioner's ineffective assistance of counsel arguments are themselves quite weak, petitioner further does not make a cogent argument of prejudice stemming from the alleged ineffective assistance of counsel. *See Strickland*, 46 U.S. at 692, 694. Petitioner has not shown how any of these purported defects led to his inability to overcome the substantial amount of evidence against him in this matter.

1  Thus, petitioner has not "demonstrat[ed] that jurists of reason could disagree with the district
2  court's resolution of his constitutional claims or that jurists could conclude the issues presented
3  are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. at
4  327.
5      Accordingly,
6      IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the defendant Chen
7  Chiang Liu's *pro se* motion for certificate of appealability (doc. #204) be, and the same hereby is,
8  DENIED.

10 DATED: August 26, 2011.

                                                                         UNITED STATES DISTRICT JUDGE