# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA-09-10136 |
| | ) | |
| Plaintiff-Appellee, | ) | 2:07-CR-170-JCM-LRL |
| vs. | ) | |
| | ) | |
| CHEN CHAING LIU, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **ORDER** |
| | ) | |

Presently before the court is petitioner Chen Chiang Liu's *pro se* request for certificate of appealability. (Doc. #208). Petitioner has already moved the court for a certificate of appealability once (doc. #204), and the court denied that motion on August 26, 2011 (doc. #206). Petitioner's instant motion reiterates, almost entirely verbatim, the assertions in his first request for certificate of appealability. The only substantive difference between the two motions is that petitioner has attached a declaration to his second request for certificate of appealability. Because the court has already ruled on a substantially identical motion, the court construes the instant motion as a motion for reconsideration of the court's August 26, 2011, order.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* FED. R. CIV. P. 59(e); FED. R. CIV. P. 60(b). Similarly, a motion for reconsideration is "an improper vehicle to introduce evidence previously available or to tender new legal theories." *Christie v. Iopa*, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999) (quoting *Bally Export Corp. v.*

*Balicar, Ltd.*, 804 F.3d 398, 404 (7th Cir. 1986).

Petitioner has not presented any new evidence in his motion to reconsider. *See AcandS*, 5 F.3d at 1263. Similarly, petitioner has not pointed to "an intervening change in controlling law." *See id.*

At most, petitioner's attached declaration asserts that the law library available to him is inadequately stocked, and he has been unable to conduct legal research to prepare court filings. (*See* Doc. #208). Even assuming the unsubstantiated assertions in petitioner's attached declaration are true, petitioner has not demonstrated, let alone argued, that the court's prior order included a "clear error" or was "manifestly unjust." *See AcandS*, 5 F.3d at 1263.

Finally, petitioner's allegations regarding the insufficient nature of the law library were available to petitioner when he filed his original request for certificate of appealability; a motion for reconsideration is an "improper vehicle" for these assertions. *See Christie*, 176 F.3d at 1239 n.5.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that petitioner Liu's motion for reconsideration of this court's order denying certificate of appealability (doc. #208) be, and the same hereby is, DENIED.

DATED this 26th day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE