# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:07-CR-170 JCM (LRL) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| CHEN CHIANG LIU, | |
| Defendant(s). | |

Presently before the court is *pro se* petitioner Chen Chiang Liu's motion for reconsideration (ECF No. 220) of the court's order (ECF No. 219) denying his motion for modification of sentence pursuant to 18 U.S.C. § 3582 (ECF No. 218). The government filed a response (ECF No. 221), to which petitioner did not reply.

In the instant motion, petitioner requests that the court reconsider its denial because he is asking for a modification regarding his location of incarceration and he has been unsuccessful in seeking relief through the Bureau of Prison's administrative process. (ECF No. 220).

In response, the government argues that petitioner has not met his burden to show that he is entitled to reconsideration. (ECF No. 221). The government further contends that petitioner failed to show that he exhausted his administrative remedies. (ECF No. 221). The court agrees.

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263

**James C. Mahan**
**U.S. District Judge**

(9th Cir. 1993); Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation."  *Kona Enters., Inc.*, 229 F.3d at 890.

Further, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts.  LR 59-1(b).

Petitioner has not met his burden to show that reconsideration is warranted.  He has failed to set forth any controlling law or new facts.  Thus, the court will deny his motion for reconsideration.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion for reconsideration (ECF No. 220) be, and the same hereby is, DENIED.

DATED February 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**